**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

                                                                                                  Case No.: 21-10421-RAM
                                                                                                                                             Chapter 13

**MARINA KOROLYOVA**,

    Debtor.
_____/

## MOTION TO COMPEL DEBTOR TO FILE A
## MODIFIED PLAN, OR IN THE ALTERNATIVE, MOTION TO DISMISS CASE

Secured Creditor, **SN SERVICING CORPORATION AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE DWELLING SERIES IV TRUST**, ("Secured Creditor"), by and through its undersigned attorney, hereby files this Motion to Compel Debtor to file a Modified Chapter 13 Plan or in the Alternative, Motion to Dismiss Case. In support of its Motion, Secured Creditor states as follows:

1. On January 18, 2021 (the "Petition Date"), the Debtor Marina Korolyova (the "Debtor") filed its voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

2. On March 11, 2021, the Debtor filed an *Ex-Parte* Verified Motion for Referral to Mortgage Modification Mediation [D.E. 31] with Secured Creditor.

3. On March 12, 2021, this Court entered the Order Granting Verified *Ex-Parte* Motion for Referral to Mortgage Modification Mediation [D.E. 35] (the "MMM Order").

*Case No.: 21-10421-RAM*

4. On March 17, 2021, Secured Creditor timely filed its secured proof of claim (Claim # 3-1) (the "Claim") which reflected a secured claim in the amount of $1,227,353.21, with arrearage amount of $668,630.46, and on-going mortgage payments of $8,451.80.

5. On February 3, 2022, the Debtor filed its Twelfth Amended Chapter 13 Plan [D.E. 152] (the "Plan") which included a MMM Adequate Protection payment of $3,534.33.

6. On February 10, 2022, this Court entered the Order Confirming Twelfth Amended Plan [D.E. 158].

7. On July 22, 2022, the Mediator Stacy Bressler filed a Final Report of Loss Mitigation/Mortgage Modification Mediator [D.E 173] (the "Final Report") indicating that the parties did not reach an agreement.

8. Pursuant to the Plan, "*[I]f the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan. If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic*

9. More than 14 calendar days have lapsed since the completion of the mortgage modification mediation and the filing of the Final Report. However, to date, the Debtor has not filed a motion to modify plan nor a modified plan that conforms to the Claim or provides for the surrender of the Property or for treatment outside of the Plan.

10. Secured Creditor further asserts that the Property is diminishing and decreasing in value will continue to do so by virtue of the continued use of the Property and given the current market history in the area in which the Property is located.

11. Secured Creditor has expended additional attorney's fees associated with the filing of this instant Motion and seeks recovery of same.

12. Pursuant to 11 U.S.C § 1307(c)(1) and 11 U.S.C § 1307(c)(6), on request of a party in interest, the court may dismiss a case for cause including unreasonable delay by the Debtor that is prejudicial to creditors or a material default by the Debtor with respect to a term of a confirmed plan. The Debtor's failure to modify the plan within the 14 days required by the confirmed plan is a material default caused by unreasonable delay that is extremely prejudicial to Secured Creditor. In light of the unsuccessful mediation and the large arrearage balance on the Claim, it is very unlikely that the Debtor will propose a confirmable plan that addresses Secured Creditor's claim. Therefore, the unreasonable delay by the Debtor in modifying the plan prejudices Secured Creditor as Secured Creditor has been stayed from exercising its state court rights since January 2021.

13. Secured Creditor seeks entry of an order directing Debtor to (i) file a modified plan that either conforms to Secured Creditor's Claim and supplemental claims or denotes that the subject property is to be "treated outside the Plan" or that the subject property is to be surrendered to Secured Creditor within seven (7) days and if the Debtor fails to do so, this Case will be dismissed, (ii) to pay Secured Creditor reasonable attorney's fee associated with the prosecution of this Motion, and (iii) allows Secured Creditor to pursue its in rem remedies in state court against the subject property.

Case No.: 21-10421-RAM

**WHEREFORE**, Secured Creditor, prays that this Court grant the Motion to Compel Debtor to File a Modified Chapter 13 Plan or in the Alternative, Motion to Dismiss Case, awarding attorney's fees for the prosecution of this Motion, and granting any further relief that this Court deems just and proper.

**Dated this 11th day of August, 2022.**

> Respectfully submitted,
>
> **GHIDOTTI | BERGER, LLP**
> *Attorneys for Secured Creditor*
> 1031 N Miami Beach Blvd,
> N Miami Beach, Florida 33162
> Telephone: (305) 501.2808
> Facsimile: (954) 780.5578
>
> By: ___/s/ Melbalynn Fisher_____
>     Melbalynn Fisher, Esq.
>     Florida Bar No. 107698
>     mfisher@ghidottiberger.com

### CERTIFICATE PURSUANT TO LOCAL RULE 9011-4 (B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

> By:___/s/ Melbalynn Fisher_____
>     Melbalynn Fisher, Esq.

*Case No.: 21-10421-RAM*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Debtor*
**Marina Korolyova**
16645 SW 87 Ct
Miami, FL 33157

*Debtor's Counsel*
**Michael A. Frank, Esq.**
Law Offices of Frank & De La Guardia
2000 Northwest 89th Place
Suite 201
Doral, FL 33172

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Avenue - Suite 1204
Miami, FL 33130

*Trustee*
**Nancy K. Neidich**
POB 279806
Miramar, FL 33027

By: /s/ Melbalynn Fisher
    Melbalynn Fisher, Esq.